Teresa C. Chow (SBN 237694)
Alexis Cruz (SBN 312842)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:       tchow@bakerlaw.com
             acruz@bakerlaw.com

*Attorneys for Defendant*
CEREBRAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CEREBRAL, INC.,<br><br>Defendant. | Case No.: 4:23-cv-02128<br><br>[Alameda Superior Court Case No. 23CV029681]<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed:   03/20/2023<br>Complaint Served: 03/30/2023 |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1146, and 1453, Defendant Cerebral, Inc. ("Defendant"), by and through its undersigned counsel, hereby provides notice of removal of the above-captioned action from the Superior Court of California, County of Alameda, to the United States District for the Northern District of California, Oakland Division. In support of this Notice of Removal to Federal Court ("Notice of Removal"), Defendant states as follows:

## JURISDICTION

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified, in part, at 28 U.S.C. § 1332(d).

## VENUE

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL

3. On March 20, 2023, Plaintiffs David Hays and David Liu (together, "Plaintiffs") filed a putative class action complaint against Defendant in the Superior Court of California, County of Alameda, Unlimited Civil, captioned *David Hays, et al. v. Cerebral, Inc.*, Case No. 23CV029681 (the "State Court Action").

4. Plaintiffs' Complaint asserts causes of action for (1) Violation of the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 631), (2) Violation of CIPA (Cal. Penal Code § 632), (3) Violation of CIPA (Cal. Penal Code § 635), (4) Violation of California Civil Code §§ 1789.81.5, 1798.82, 1798.83, and (5) Violation of the Confidentiality of Medical Information Act (the "CMIA") (Cal. Civ. Code §§ 56, *et seq.*) against Defendant in connection with its alleged unauthorized disclosure of Plaintiffs' and the putative class members' personal health information ("PHI") and/or personal identifying information ("PII") to third parties, which was discovered on January 3, 2023 (the "Data Incident"). (Ex. 1 ("Compl."), ¶¶ 5, 10-11, 22-66.)

5. On March 30, 2023, Defendant was served with a copy of the Complaint and Summons in the State Court Action.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date Defendant was served with a copy of the Summons and Complaint in the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been served on or by Defendant in the State Court Action are attached hereto as **Exhibit 1**.

## CAFA JURISDICTION

8. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction of this action under CAFA. 28 U.S.C. § 1332(d)(2) and (5) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.[1] *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").

9. As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a class action and involves more than one hundred (100) putative class members; (ii) Plaintiffs are citizens of a state different from Defendant; and (iii) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## SUFFICIENT PUTATIVE CLASS SIZE

10. Plaintiffs seek to represent a class defined as follows: "All people in California who used Cerebral.com before January 1, 2023" ("Putative Class"). (Compl., ¶ 15.)

11. Plaintiffs claim there are "at least thousands of individuals" who are members of the Putative Class. (Compl., ¶ 17.) Defendant interprets this allegation to mean, at a minimum,

---

[1] By removing the State Court Action to this Court pursuant to 28 U.S.C. § 1332(d), Defendant does not waive any rights or defenses, including, but not limited to, any argument that this matter is improper for class certification and may be compelled to arbitration under any applicable arbitration provision.

no less than 2,000 individuals.

12. Accordingly, the Putative Class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

13. <u>Plaintiff David Hays' Citizenship</u>. As alleged in the Complaint, Plaintiff David Hays is "domiciled in California and lives in Livermore." (Compl., ¶ 10.) Defendant is informed and believes that Mr. Hays was, at the time of the filing of the State Court Action, and still is, a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. <u>Plaintiff David Liu's Citizenship</u>. As alleged in the Complaint, Plaintiff David Liu is "domiciled in California and lives in San Bruno." (Compl., ¶ 11.) Defendant is informed and believes that Mr. Liu was, at the time of the filing of the State Court Action, and still is, a citizen of the State of California. *See Kantor*, 704 F.2d at 1090; *see also Kanter*, 265 F.3d at 857.

15. <u>Putative Class Members' Citizenship</u>. As alleged in the Complaint, Plaintiffs' proposed class definition does *not* identify the citizenship of the Putative Class members. It instead identifies "[a]ll people *in* California." (Compl., ¶ 15 (emphasis added).) This means that Plaintiffs' proposed class definition includes individuals who were/are citizens of other states (especially with a Putative Class of *over 3 million individuals*), but may have been vacationing, studying, conducting business, temporarily residing, *etc.* in California when the alleged misconduct occurred. *See Kanter*, 265 F.3d at 857; *see also Hargett v. RevClaims, LLC*, 854 F.3d 962, 964-66 (8th Cir. 2017) (finding citizenship requires an intent to make a place home, and one may be a citizen of only one state); *Anderson v. Davis Wright Tremaine LLP*, No. 3:20-cv-01194-AC, 2021 WL 7184127, at *5 (D. Ore. July 14, 2021), citing *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).

1  16. <u>Defendant's Citizenship</u>. Defendant is a citizen of the States of Delaware and Massachusetts. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

17. At the time the State Court Action was commenced, Defendant was, and as of the date of filing of this Notice of Removal, still is, a corporation formed in and incorporated under the laws of the State of Delaware. Pursuant to the *Hertz* nerve center test, Defendant's corporate activities are predominantly directed, controlled, and coordinated from the State of Massachusetts.

18. <u>Minimal Diversity Exists</u>. Defendant satisfies the minimal diversity of citizenship required by CAFA because Plaintiffs are citizens of the State of California, whereas Defendant is a citizen of the States of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(d)(2). The Putative Class members' citizenship is immaterial for purposes of establishing minimal diversity since Plaintiffs are diverse from Defendant. *See id.*

**AMOUNT IN CONTROVERSY MET**

19. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. *See Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

20. On behalf of themselves and the Putative Class, Plaintiffs seek declaratory and injunctive relief, actual, punitive, and statutory damages, and reasonable attorneys' fees, costs, and expenses. (Compl., p. 10-11, Prayer for Relief.)

21. <u>Amount in Controversy</u>. Without conceding that Plaintiffs or the Putative Class members are entitled to or could recover damages in the amount or manner alleged (particularly

with respect to their separate CIPA claims), or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000, exclusive of interest and costs.[2]

22. <u>CIPA I Claim</u>.  In their first cause of action, Plaintiffs allege Defendant violated CIPA by improperly "implementing tracking technology and secretly transmitting the information to Meta, TikTok, Google, and third party vendors." (Compl., ¶¶ 22-29.) Plaintiffs further allege that because of Defendant's purported conduct, Plaintiffs and the Putative Class members are entitled, in part, to statutory damages under California Penal Code section 637.2. (*Id.*, ¶ 29.)

23. Section 637.2 provides for statutory damages for the greater of (1) $5,000 for each violation or (2) three times the amount of actual damages, if any, sustained by the plaintiff.

24. Accordingly, multiplying $5,000 by at least 2,000 alleged violations exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

25. <u>CIPA II Claim</u>.  In their second cause of action, Plaintiffs allege Defendant violated CIPA by failing to obtain Plaintiffs and the Putative Class members' consent to use "tracking tools and related backend and frontend code." (Compl., ¶¶ 30-38.) Plaintiffs further allege that because of Defendant's purported conduct, Plaintiffs and the Putative Class members are entitled, in part, to statutory damages under California Penal Code section 637.2. (*Id.*, ¶ 38.)

26. Accordingly, multiplying $5,000 by at least 2,000 alleged violations exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

27. <u>CIPA III Claim</u>.  In their third cause of action, Plaintiffs allege Defendant violated CIPA by improperly "implementing tracking tools on its website, [and] … intentionally manufactur[ing], assembl[ing], s[elling], offer[ing] for sale, advertis[ing] for sale, possess[ing], transport[ing], import[ing], and/or furnish[ing] a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another." (Compl., ¶¶ 39-45.) Plaintiffs further allege that because of Defendant's purported conduct, Plaintiffs and the Putative Class members are entitled, in part, to statutory damages under California Penal Code section

---

[2] This Notice of Removal does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiffs or any members of Plaintiffs' Putative Class.  The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice of Removal.

637.2  (*Id.*, ¶ 45.)

28. Accordingly, multiplying $5,000 by at least 2,000 alleged violations exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

29. <u>CMIA Claim</u>.  In their fifth cause of action, Plaintiffs allege Defendant violated the CMIA by "negligently creat[ing], maintain[ing], preserv[ing], stor[ing], and then expos[ing] Plaintiffs' 'medical information'" to unauthorized persons.  (Compl., ¶¶ 61, 63-64.)  Plaintiffs further allege that because of Defendant's purported conduct, Plaintiffs and the Putative Class members are entitled, in part, to statutory damages under California Civil Code section 56.36(b)(1).  (*Id.*, ¶ 66.)

30. Section 56.36(b)(1) provides for statutory damages of $1,000 for each violation.

31. Accordingly, by multiplying $1,000 by 2,000 alleged violations, which equals $2,000,000, and then adding that amount to the $30,000,000 in alleged CIPA violations, the amount at issue herein greatly exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

32. <u>Remaining Claims</u>.  The amount in controversy exceeds the $5,000,000 CAFA threshold without considering Plaintiffs' fourth cause of action for Violation of California Civil Code §§ 1789.81.5, 1798.82, 1798.83.  Even though Defendant has not assigned any particular amount to this cause of action, assignment of any sum only further increases the amount in controversy beyond $5,000,000.  Should there be any doubt as to whether Defendant has demonstrated that the amount in controversy under the CIPA and CMIA claims examined above exceeds $5,000,000, however, Plaintiffs' fourth cause of action should be included in analyzing the amount in controversy.

33. <u>Attorneys' Fees</u>.  When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiffs have sought attorneys' fees for Defendant's alleged violation of California Civil Code sections 1789.81.5, 1798.82, 1798.83.  (Compl., ¶ 55.)  Because Defendant has established that the $5,000,000 CAFA threshold is met considering only four of Plaintiffs' causes of action, it does not assign in this

Notice of Removal any amount to Plaintiffs' request for attorneys' fees. Should there be any doubt as to whether Defendant has demonstrated that the amount in controversy under the CIPA and CMIA claims examined above exceeds $5,000,000, however, Plaintiffs' request for attorneys' fees should be included in analyzing the amount in controversy.

## DISCLOSURE STATEMENTS

34. Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of California Civil Local Rule 3-15, a Disclosure Statement, which will include a Disclosure of Conflicts and Interested Entities or Persons, is being filed concurrently with this Notice of Removal.

## NOTICE

35. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiffs, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Alameda.

WHEREFORE, Defendant hereby removes this civil action to this Court on the bases identified above.

Respectfully submitted,

Dated: May 1, 2023       **BAKER & HOSTETLER LLP**

By:   /s/ Teresa C. Chow
      Teresa C. Chow
      Alexis Cruz

*Attorneys for Defendant*
CEREBRAL, INC.

## PROOF OF SERVICE

I, Andrea Gonzalez, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On May 1, 2023, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

| | |
|---|---|
| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth in the attached Service List. |
| ☑ | by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth in the attached Service List on this date and the transmission was reported as complete and without error. |

**SEE ATTACHED SERVICE LIST.**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 1, 2023, at Torrance, California.

/s/ *Andrea Gonzalez*
Andrea Gonzalez

**SERVICE LIST**

| | |
|---|---|
| Joel D. Smith<br>Yeremey O. Krivoshey<br>BURSOR & FISHER, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>Telephone:    925.300.4455<br>Facscimile:    925.407.2700<br>Emails:          jsmith@bursor.com<br>                     ykrivoshey@bursor.com | *Attorneys for Plaintiffs*<br>DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES