**BURSOR & FISHER, P.A.**
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com
ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**03/20/2023 at 06:23:06 PM**
By: Xian-xii Bowie,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CEREBRAL, INC.

Defendant.

Case No. 23CV029681

CLASS ACTION

**COMPLAINT**

NATURE OF THE ACTION AND COMMON FACTS

1. Cerebral operates cerebral.com, where it provides online therapy and medication management to millions of users.

2. In early March 2023, Cerebral reported a healthcare data breach to HHS impacting more than 3.1 million individuals.

3. The notice stated as follows: "Like others in many industries, including health systems, traditional brick and mortar providers, and other telehealth companies, Cerebral has used what are called 'pixels' and similar common technologies ('Tracking Technologies'), such as those made available by Google, Meta (Facebook), TikTok, and other third parties ('Third-Party Platforms'), on Cerebral's Platforms."

4. Cerebral had used these technologies since it began operations in October 2019.

5. Cerebral claimed that it first learned on January 3, 2023 that it had disclosed protected health information (PHI) to Meta, TikTok, and certain undisclosed subcontractors "without having obtained HIPAA-required assurances." Yet Cerebral waited to disclose this fact to its customers. Worse, Cerebral had to have known that it was transmitting this information to third parties long before January 2023, because many of the technologies used are configurable by the website owner, and transmit information that the website owner selects.

6. If an individual created a Cerebral account, the information disclosed included name, phone number, email address, date of birth, IP address, Cerebral client ID number, and other demographic or information.

7. If, in addition to creating a Cerebral account, an individual also completed any portion of Cerebral's online mental health self-assessment (as Plaintiffs did here), the information disclosed also included the service the individual selected, assessment responses, and certain associated health information.

8. If the user also purchased a subscription plan, then insurance co-pay amounts, subscription type, booking information, treatment information, and health insurance information were also disclosed.

9. Plaintiffs bring this action on behalf of themselves and all users of cerebral.com.

## THE PARTIES

10. Plaintiff David Hays is domiciled in California and lives in Livermore. Mr. Hays used Cerebral.com from approximately the end of 2021 through the present. Mr. Hays disclosed confidential and sensitive medical and personal information on cerebral.com when he filled out one or more mental health assessments and purchased a subscription plan, which was then disclosed to Meta, TikTok, Google, and other third parties. Mr. Hays did not know about or consent to this disclosure to third parties.

11. Plaintiff David Liu is domiciled in California and lives in San Bruno. Mr. Liu used Cerebral.com from approximately Fall 2021 through Spring 2022. Mr. Liu disclosed confidential and sensitive medical and personal information on cerebral.com when he filled out one or more health assessments and purchased a subscription plan, which was then disclosed to Meta, TikTok, Google, and other third parties. Mr. Liu did not know about or consent to this disclosure to third parties.

12. Cerebral is headquartered in Walnut, California. Cerebral does business throughout California and the United States.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over this class action. This Court has personal jurisdiction over the parties because Plaintiffs reside in California and submit to the jurisdiction of the Court, and because Defendant, at all times relevant hereto, has systematically and continually conducted, and continues to conduct, business in this State. Defendant is also headquartered and incorporated in this State.

14. Venue is proper in this Court because Cerebral conducts business in this County and throughout the State of California. Plaintiff Hays also resides in this County and suffered harm as alleged herein in this County.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to the provision of Code of Civil Procedure § 382 and Civil Code § 1781. Plaintiffs seek certification of the following class (the “Class”):

All people in California who used Cerebral.com before January 1, 2023.

16. Plaintiffs reserve the right to modify the class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

17. Numerosity of the Class: The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court. The identities of individual members of the Class are ascertainable through Defendant's records.

18. Existence and Predominance of Common Questions of Fact and Law: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual class members. Such questions include, but are not limited to, the following: whether Defendant's disclosure of personally identifiable information violated the laws and statutes at issue herein, whether Plaintiffs and the proposed Class members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, and whether Defendant should be enjoined from similar conduct in the future.

19. Typicality: Plaintiffs are asserting claims that are typical of the proposed Class members' claims, having paid filled out self assessments on Defendant's website and purchased subscription plans. Plaintiffs and the proposed Class members have similarly suffered harm arising from Defendant's violations of the law, as alleged herein.

20. Adequacy: Plaintiffs are adequate representatives of the proposed Class. Their interests do not conflict with, and are not antagonistic to, the interests of the members of that Class. They will fairly and adequately represent and protect the interests of the Class.

21. Superiority: A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and the proposed Class members' claims. Plaintiffs and the members of the proposed Class have suffered irreparable harm as a result of Defendant's unfair, unlawful, and unconscionable conduct. Because of the size of the individual Class members' claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs

complained of herein. Absent the class action, the proposed Class members will continue to suffer losses and the violations of law described herein will continue without remedy, and Defendant will be permitted to retain the proceeds of their misdeeds. Defendant continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

**COUNT I**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 631**

22. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

23. Plaintiffs bring this claim individually and on behalf of the members of the putative Class against Defendant.

24. To establish liability under section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> Or
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> Or
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> Or
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

25. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21

(N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

26. Each tracking pixel and other tracking device on cerebral.com com is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

27. At all relevant times, by implementing tracking technology and secretly transmitting the information to Meta, TikTok, Google, and third party vendors, Defendant aided and abetted violations of the second and third prongs under section 631.

28. Plaintiffs and putative class and subclass members did not consent to any of Defendant's actions in implementing the wiretaps, or to the wiretapping itself.

29. Plaintiffs and putative class and subclass members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

**COUNT II**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 632**

30. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

31. Plaintiffs bring this Count individually and on behalf of the members of the putative Class.

32. The California invasion of Privacy Act ("CIPA") is codified at Cal. Penal Code §§ 630 to 638. The Act begins with its statement of purpose:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

Cal. Penal Code § 630.

33. California Penal code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation.

34. A defendant must show it had the consent of all parties to a communication.

35. The tracking tools and related backend and frontend code is "an electronic amplifying or recording device" under the CIPA.

36. The data collected on cerebral.com constitutes "confidential communications," as that term is used in Section 632, because class members had objectively reasonable expectations of privacy with respect to their health information.

37. Cerebral is liable for aiding and abetting violations of Section 632 by Meta, TikTok, and other third party vendors.

38. Pursuant to Cal. Penal Code § 637.2, Plaintiffs and class members have been injured by the violations of Cal. Penal Code § 635, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

## COUNT III
## Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 635

39. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiffs bring this claim individually and on behalf of the members of the putative Class members against Defendant.

41. California Penal Code § 635 provides, in pertinent part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or

> communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6 , shall be punished by a fine not exceeding two thousand five hundred dollars ….

42. At all relevant times, by implementing tracking tools on its website, Cerebral intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another.

43. Each tracking device on cerebral.com is a "device" that is "primarily or exclusively designed" for eavesdropping.

44. Plaintiffs and putative class and subclass members did not consent to any of Defendant's actions in implementing the wiretaps.

45. Pursuant to Cal. Penal Code § 637.2, Plaintiffs and putative class and subclass members have been injured by the violations of Cal. Penal Code § 635, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

**COUNT IV**
**Violation of California's Civil Code §§ 1789.81.5, 1798.82, 1798.83**

46. Plaintiffs repeat the allegations contained in the above paragraphs as if fully set forth here.

47. Plaintiffs bring this claim individually and on behalf of the members of the putative Class against Defendant.

48. California Civil Code § 1798.81.5 requires that any business that "owns or licenses personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

49. The private information disclosed by cerebral.com is "Personal information" within the meaning of Civil Code § 1798.80.

50. Plaintiffs and other Class members are "Customer[s]" as defined in Civil Code § 1798.80, because they provided their personal information to Defendant in order to use its services.

51. Defendant violated Civil Code § 1798.81.5 by failing to maintain reasonable security procedures and practices, resulting in the compromise of Personal Information.

52. Defendant violated Civil Code §§ 1798.82 and 1798.83 by failing to promptly notify all people affected that their Personal information had been acquired by third parties, or was reasonably believed to have been acquired by third parties.

53. As a result of Defendant's violations described here, Plaintiffs and class members were (and continue to be) injured and have suffered (and will continue to suffer) the damages described in this Complaint.

54. Defendants' violations of Civil Code §§ 1798.81.5 and 1798.82 were willful, intentional or, at a minimum, reckless.

55. Plaintiffs seek, on behalf of themselves and class members, all relief permitted under Civil Code § 1798.84, including damages, statutory penalties, injunctive relief, and attorney's fees and costs.

**COUNT V**
**Violation of the Confidentiality of Medical Information Act,**
**Cal. Civ. Code §§ 56, *et seq.***

56. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

57. Plaintiffs bring this claim individually and on behalf of the members of the putative Class against Defendant.

58. Defendant is a "licensed health care professional," within the meaning of Cal. Civ. Code § 56.05(h), and maintained and continues to maintain "medical information," within the meaning of Cal. Civ. Code § 56.05(j), of "patients" of the Defendant, within the meaning of Cal. Civ. Code § 56.05(k).

59. Plaintiffs are "patients" of Defendant within the meaning of Cal. Civ. Code § 56.05(k).

60. Plaintiffs, as patients of Defendant, had their individually identifiable "medical information," within the meaning of Cal. Civ. Code § 56.05(j), created, maintained, preserved, and stored on Defendant's computer network.

61. Defendant negligently created, maintained, preserved, stored, and then exposed Plaintiffs' "medical information," within the meaning of Cal. Civ. Code § 56.05(j).

62. This information was "individually identifiable" within the meaning of Cal. Civ. Code § 56.05(j).

63. Defendant transmitted members' medical information without the prior written authorization of Plaintiffs and the Class, as required by Cal. Civ. Code § 56.10.

64. Defendant failed to get consent for the transmission of medical information and other PII.

65. Plaintiffs and class members have suffered damages from the unauthorized release of their individual identifiable "medical information."

66. Plaintiffs and class members seek one thousand dollars ($1,000) for each violation under Cal. Civ. Code § 56.36(b)(1), and actual damages suffered, if any, pursuant to Cal. Civ. Code § 56.36(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a. For an order certifying the putative Class and naming Plaintiffs as the representatives of the putative Class and Plaintiffs' attorneys as Class Counsel to represent the putative Class members;

b. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiffs and the putative Class on all counts asserted herein;

d. For statutory damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For injunctive relief as pleaded or as the Court may deem proper; and

g. For an order awarding Plaintiffs and the putative Class their reasonable attorneys' fees and expenses and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all claims so triable.

Dated: March 20, 2023

**BURSOR & FISHER, P.A.**

By: ______________________________
Yeremey Krivoshey

Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com
ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
03/20/2023
Chad Finke, Executive Officer / Clerk of the Court
By: X. Bowie Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CEREBRAL, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Alameda
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
23CV029681

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yeremey Krivoshey, Bursor & Fisher, P.A., 1990 N. California Blvd., Ste. 940, Walnut Creek, CA 94596, Tel. (925) 300-4455

DATE: *(Fecha)* 03/20/2023 Chad Finke, Executive Officer / Clerk of the Court Clerk, by *(Secretario)* X. Bowie , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Cerebral, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Yeremey Krovoshey, State Bar No. 295032
Bursor & Fisher, P.A., 1990 N. California Blvd., Ste 940, Walnut Creek, CA 94596
TELEPHONE NO.: (925) 300-4455 FAX NO. (Optional): (925) 407-2700
E-MAIL ADDRESS: ykrivoshey@bursor.com
ATTORNEY FOR (Name): Plaintiffs David Hays and David Liu

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California, County of Alameda
03/20/2023 at 06:23:06 PM
By: Xian-xii Bowie, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
David Hays, et al. v. Cerebral, Inc.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 23CV029681
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Five
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 20, 2023
Yeremey Krivoshey
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

F. ADDENDUM TO CIVIL CASE COVER SHEET

**Short Title:** David Hays, et al. v. Cerebral, Inc. **Case Number:**

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [x] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Alameda<br>03/20/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: [signature] Deputy<br>X. Bowie |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>David Hays et al | |
| DEFENDANT:<br>Cerebral, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV029681 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| Date: 07/18/2023 | Time: 8:30 AM | Dept.: 23 |
|---|---|---|
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>03/20/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: [signature] Deputy<br>X. Bowie |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>David Hays et al | |
| DEFENDANT/RESPONDENT:<br>Cerebral, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV029681 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Yeremey Krivoshey
Bursor & Fisher, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/22/2023

By:

[signature]

X. Bowie, Deputy Clerk

| *Attorney or Party without Attorney:*<br>YEREMEY O. KRIVOSHEY (SBN 295032)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>*Telephone No:* 925-300-4455<br>*Attorney For:* Plaintiff | *Ref. No. or File No.:*<br>1811 Cerebral | *For Court Use Only*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**04/03/2023 at 12:00:00 AM**<br>By: Tania Pierce,<br>Deputy Clerk |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA COUNTY OF ALAMEDA | | |
| *Plaintiff:* DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated<br>*Defendant:* CEREBRAL, INC. | | |

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>23CV029681 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CLASS ACTION COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE

3. *a. Party served:* CEREBRAL, INC.
   *b. Person served:* SARAI MARIN, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE OF PROCESS.

4. *Address where the party was served:* 330 NORTH BRAND BOULEVARD SUITE 700, GLENDALE, CA 91203

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Mar 30 2023 (2) at *(time)*: 12:40 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: CEREBRAL, INC.
   under the following Code of Civil Procedure section:
   - [X] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [ ] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [ ] other:
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>YEREMEY O. KRIVOSHEY (SBN 295032)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>*Telephone No:* 925-300-4455<br>*Attorney For:* Plaintiff | *Ref. No. or File No.:*<br>1811 Cerebral | | | *For Court Use Only* |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA COUNTY OF ALAMEDA | | | | |
| *Plaintiff:* DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated<br>*Defendant:* CEREBRAL, INC. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>23CV029681 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Douglas Forrest
   b. Address: **FIRST LEGAL**
   200 WEBSTER STREET, SUITE 201
   OAKLAND, CA 94607
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was: 195.98
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 5141, Los Angeles
   (iii) County: Los Angeles

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

03/30/2023
*(Date)*

*Douglas Forrest*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse, Department 23

JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: Jhalisa Castaneda CSR: None

**23CV029681** April 25, 2023
9:15 AM

**HAYS, et al.**
**vs**
**CEREBRAL, INC.**

**MINUTES**

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

The Complex Determination Hearing scheduled for 04/25/2023 is continued to 06/06/2023 at 03:00 PM in Department 23 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: J. Castaneda, Deputy Clerk

Minutes of: 04/25/2023
Entered on: 04/26/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| David Hays et al<br>Plaintiff/Petitioner(s)<br>vs.<br>Cerebral, Inc.<br>Defendant/Respondent(s) | No. 23CV029681<br><br>Date: 04/25/2023<br>Time: 9:15 AM<br>Dept: 23<br>Judge: Brad Seligman<br><br>ORDER re: Complex Determination Hearing |

The Complex Determination Hearing scheduled for 04/25/2023 is continued to 06/06/2023 at 03:00 PM in Department 23 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 04/25/2023

Brad Seligman / Judge

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
04/27/2023 at 03:16:48 PM
By: Shabra Iyamu,
Deputy Clerk

Teresa C. Chow (SBN 237694)
Alexis B. Cruz (SBN 312842)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: tchow@bakerlaw.com
acruz@bakerlaw.com

*Attorneys for Defendant*
CEREBRAL, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CEREBRAL, INC.,

Defendant.

Case No.: 23CV029681

[Hon. Brad Seligman, Dept. 23]

**DEFENDANT CEREBRAL, INC.'S PEREMPTORY CHALLENGE PURSUANT TO CAL. CODE CIV. PROC. § 170.6**

Action Filed: March 20, 2023

I, Teresa C. Chow, declare as follows:

I am a Partner at the law firm of Baker & Hostetler LLP, attorneys for Defendant Cerebral, Inc. ("Defendant"), a party to the above-captioned action (the "Action"). The Honorable Brad Seligman, before whom the Action is pending, or to whom it has been assigned, is prejudiced against Defendant, or the interest of Defendant, so that I believe that Defendant cannot have a fair and impartial trial or hearing before Judge Seligman.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: April 27, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: [signature]
Teresa C. Chow
Alexis B. Cruz

*Attorneys for Defendant*
CEREBRAL, INC.

**PROOF OF SERVICE**

I, Andrea Gonzalez, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On April 27, 2023, I served a copy of the document(s) as follows:

**DEFENDANT CEREBRAL, INC.'S PEREMPTORY CHALLENGE PURSUANT TO CAL. CODE CIV. PROC. § 170.6**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

| | |
|---|---|
| Joel D. Smith<br>Yeremey O. Krivoshey<br>BURSOR & FISHER, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: 925.300.4455<br>Facsimile: 925.407.2700<br>Emails: jsmith@bursor.com<br>ykrivoshey@bursor.com | *Attorneys for Plaintiffs*<br>DAVID HAYS and DAVID LIU, individually and on behalf of all others similarly situated |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 27, 2023, at Los Angeles, California.

/s/ *Andrea Gonzalez*
Andrea Gonzalez

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| David Hays et al<br>Plaintiff/Petitioner(s)<br>vs.<br>Cerebral, Inc.<br>Defendant/Respondent(s) | No. 23CV029681<br><br>Date: 04/28/2023<br>Time: 3:59 PM<br>Dept: 23<br>Judge: Brad Seligman<br><br>ORDER re: Court Order re 170.6 challenge |

Defendant's CCP 170.6 challenge is denied as untimely inasmuch as there has yet to be a general assignment or scheduling of a hearing on the merits.

Dated: 04/28/2023

**Brad Seligman / Judge**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>05/01/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>J. Castaneda |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>David Hays et al | |
| DEFENDANT/RESPONDENT:<br>Cerebral, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV029681 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Yeremey Krivoshey
Bursor & Fisher, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/01/2023 By:

J. Castaneda, Deputy Clerk